IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ESTELLE SHAFFER, individually
and as Administratrix of the
Estate of DOLLIE ANN JACKFERT,
deceased,

    Plaintiff,

v.                                        Civil Action No. 5:18CV199
                                                (STAMP)

PATRICK ROSARIO, M.D.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S DISCOVERY ORDER
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.    Procedural History

On August 14, 2019, the plaintiff Estelle Shaffer, individually and as Administratrix of the Estate of Dollie Ann Jackfert, deceased ("plaintiff"), by counsel, filed a motion to compel discovery and deposition testimony in the above-styled civil action. ECF No. 35. The plaintiff also filed a memorandum in support of the motion. ECF No. 36. Pursuant to Local Rule of Civil Procedure 72.01, this Court entered an order of reference referring the matter to United States Magistrate Judge Michael John Aloi. ECF No. 38. Defendant Patrick Rosario, M.D. ("Dr. Rosario"), then filed a motion to quash subpoenas (ECF No. 39) and non-party movant Weirton Medical Center, Inc. (Weirton Medical Center"), filed a motion to quash subpoenas (ECF No. 41).

After briefing, the magistrate judge conducted a status and scheduling conference, in camera review of certain documents (ECF No. 62), and held a hearing in this matter prior to entering into the record a sealed written order denying plaintiff's motion to compel discovery and deposition testimony, granting defendant's motion to quash plaintiff's subpoena, granting the non-party movant's motion to quash plaintiff's subpoena, and protective order against deposition inquiries. ECF No. 63.

Plaintiff then filed a sealed motion for leave to file objections to the magistrate judge's sealed order. ECF No. 64. The plaintiff also attached the proposed objections. ECF No. 64-1. This Court then entered an order granting the plaintiff's motion for leave to file objections, directing the clerk to deem plaintiff's objections filed (ECF No. 64-1), and directing the defendant and non-party movant to respond to plaintiff's objections. ECF No. 65. Non-party movant Weirton Medical Center filed a response to the plaintiff's objections (ECF No. 67) and defendant Dr. Rosario filed a motion to seal with his response attached (ECF No. 68).

Now before the Court are plaintiff's objections to the magistrate judge's discovery order regarding the parties' respective motions to compel and to quash. The matter has been fully briefed and is ripe for decision. Having reviewed the record, this Court concludes that the plaintiff's objections should

be overruled and the magistrate judge's order should be affirmed and adopted.

## II. Applicable Law

Federal Rule of Civil Procedure Rule 72(a) permits a party to submit objections to a magistrate judge's ruling on nondispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a). Pursuant to Rule 72(a), a magistrate judge's order on a non-dispositive matter shall not be modified or set aside unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A district court should reverse a magistrate judge's decision in a discovery dispute as "clearly erroneous" only if the district court is left with a definite and firm conviction that a mistake has been made. Marks v. Glob. Mortg. Grp., Inc., 218 F.R.D. 492, 495 (S.D. W. Va. 2003); Harman v. Levin, 772 F.2d 1150, 1152 (4th Cir. 1985); United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L.Ed. 746 (1948).

## III. Discussion

In his order, the magistrate judge first determined that plaintiff's motion to compel was untimely as it was not filed within the time permitted under Local Rule of Civil Procedure 37.02. ECF No. 63 at 9. Further, the magistrate judge considered plaintiff's argument that "the reason for the delay was because he did not review the privilege log which was provided in response to the discovery requests until prior to Defendant's July deposition,"

and found that there was no excusable neglect and that plaintiff has waived her right to any arguments presented in the motion to compel.[1] Id.

Next, the magistrate judge determined that "certain exhibits attached to the pleadings do pertain to the peer review process and are thus protected from discovery disclosure," and that defendant has not waived privilege to the peer review documents. Id. at 10. Ultimately, the magistrate judge concluded that "the heart of these pleadings is peer review information and some of their supporting exhibits are actual privileged documents protected from disclosure." Id. at 11. The magistrate judge noted that "[t]hese pleadings are riddled and entangled with peer review documents and information that, if permitted, would allow questioning into privileged information and documents." Id. Accordingly, the magistrate judge determined, pursuant to Federal Rule of Civil Procedure Rule 26(c) and a showing of good cause, that the issuance of a "protective order against the questioning of Defendant regarding the pleadings in the Western District of Pennsylvania in the interest of protection against disclosing privileged peer review information" was necessary. Id. at 12.

---

[1]The magistrate judge explicitly noted that while the plaintiff has waived her rights to any arguments presented in counsel's untimely motion to compel, the magistrate judge still reviewed the arguments presented because they "heavily overlap" with the arguments in the defendant and non-party movant's motions to quash. ECF No. 63 at 9 n.3.

4

As to the defendant's motion to quash the plaintiff's subpoenas, the magistrate judge determined, upon review of the privilege log (ECF No. 35-3) as well as other documents presented for in camera review, "that the documents do pertain to the peer review process and are thus protected from discovery disclosure." Id. at 13. Further, the magistrate judge found that the defendant did not impliedly waive privilege in this matter as to the peer reviewed documents. Id.

Lastly, the magistrate judge concluded that defendant is not judicially estopped from challenging the disclosure of peer review documents in this action as "Defendant's challenge of the peer review process in a previous lawsuit is not an opposing stance to Defendant's challenge against the disclosure of privileged documents in this matter." Id. at 14. The magistrate judge further stated that the analysis presented as to defendant's motion to quash is equally applicable to the non-party movant's motion to quash.

In her objections to the magistrate judge's order, plaintiff submits that the magistrate judge's order is both clearly erroneous and contrary to law in several regards, and "maintains that the peer review privilege does not apply to shield this information from discovery, as Dr. Rosario has waived his right to claim peer review privilege because of implied waiver of privilege and because of judicial estoppel." ECF No. 64-1 at 2.

5

Plaintiff first asserts that the magistrate judge denied the plaintiff's motion to compel as untimely filed "based on an incorrect statement of fact." Id. at 3. Alternatively, plaintiff contends that if the delay was "neglect," such neglect would be excusable. Id. at 5.

Next, plaintiff contends that magistrate judge's sua sponte entry of a protective order prohibiting deposition inquiry as to the documents filed on the Western District of Pennsylvania's docket regarding information that is publicly viewable is clearly erroneous and contrary to law. Id.

Further, plaintiff argues that the magistrate judge's order misconstrues Dr. Rosario's former position with respect to his peer review proceedings. Id. at 8. Plaintiff maintains that defendant has taken inconsistent positions with regard to the peer review process, and argues that the magistrate judge's finding with respect to this issue is clearly erroneous. Id. at 9.

Non-party movant Weirton Medical Center filed a response and contends that plaintiff's objections are without merit and argues that the magistrate judge's order should be upheld. ECF No. 67. In support, Weirton Medical Center asserts that the magistrate judge properly found that plaintiff's motion to compel was untimely and the delay was not due to excusable neglect. Id. at 2. Next, Weirton Medical Center maintains that the protective order entered by the magistrate judge is in conformance with applicable law and

plaintiff should be prohibited from inquiring into any peer review materials at deposition. Id. at 4. Lastly, Weirton Medical Center asserts defendant is not judicially estopped from asserting peer review privilege in this case.

Defendant Dr. Rosario likewise filed a response to plaintiff's objections and contends that there is ample evidence and law to support the magistrate judge's discovery order and that plaintiff has failed to meet the clearly erroneous or contrary to law standard. ECF No. 68-1. In support, defendant asserts that the magistrate judge's ruling on plaintiff's motion to compel as untimely was not clearly erroneous or contrary to law. Id. at 2. Next, defendant contends that the magistrate judge's order appropriately determined that plaintiff should not be entitled to question Dr. Rosario about pleadings filed in another matter. In support, defendant maintains that this information is entangled with peer review information and adds that the peer review materials are not essential to plaintiff's case. Id. at 4. Lastly, defendant asserts that the magistrate judge did not err in ruling that defendant was not judicially estopped from claiming peer review privilege. Id. at 6.

Upon review of the plaintiff's objections to the magistrate judge's discovery order and briefs submitted by the parties, this Court is not left with a definite and firm conviction that a mistake has been made. Here, nothing that plaintiff has presented

7

in the objections nor anything else in the record leads this Court to conclude that the magistrate judge's decision to deny the plaintiff's motion to compel, grant the motions to quash, and enter a protective order against deposition testimony was clearly erroneous or contrary to law.

In his discovery order, the magistrate judge clearly considered the arguments of the parties and set forth his rulings on the discovery issues raised by plaintiff's motion to compel discovery and deposition testimony as well as the non-party movant's and defendant's motions to quash the plaintiff's subpoenas.

The magistrate judge appropriately exercised his discretion and found that plaintiff's motion to compel was untimely as it was not filed within the time permitted under Local Rule of Civil Procedure 37.02(b), and correctly determined that there was no showing of excusable neglect. Nothing in plaintiff's objections leads this Court to believe that the magistrate judge's order was clearly erroneous. Plaintiff's counsel was on notice that peer review privilege was being asserted when he received the privilege log from defendant and consequently failed to file a motion to compel with respect to the peer review privilege discovery issues within thirty days. Thus, the magistrate properly deemed the motion waived.

Next, the magistrate judge correctly considered the applicable law and contentions of the parties and found that under the facts presented, the defendant has not waived privilege to the peer review documents. The magistrate judge noted that the pleadings are riddled and entangled with peer review documents before concluding that, pursuant to Federal Rule of Civil Procedure Rule 26(c) and a showing of good cause, the issuance of a protective order against the questioning of defendant regarding the pleadings in the Western District of Pennsylvania is in the interest of protection against disclosing privileged peer review information. Nothing in plaintiff's objections leads this Court to believe that the magistrate judge's order was clearly erroneous or contrary to law with respect to the issue of waiver of privilege. Plaintiff raises substantially the same arguments previously asserted, so consequently, plaintiff's objections do not provide a basis to depart from the magistrate judge's order with respect to this issue. Upon review, the magistrate judge's rulings regarding waiver of privilege and the issuance of a protective order are neither clearly erroneous on the facts nor contrary to law.

Finally, the magistrate judge correctly concluded that defendant is not judicially estopped from challenging the disclosure of peer review documents in this action. Nothing in the plaintiff's objections convinces this Court that the magistrate judge's finding that the defendant's challenge of the peer review

9

process in a previous lawsuit is an opposing stance to defendant's challenge against the disclosure of privileged documents in this matter.

As previously noted, this Court reviews the magistrate judge's order according to the "clearly erroneous or contrary to law" standard. This standard requires a district court to affirm the magistrate judge's decision unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L.Ed. 746 (1948). Moreover, in resolving discovery disputes, the magistrate judge is afforded broad discretion, which will be overruled only if abused. Citicorp v. Interbank Card Ass'n, 478 F. Supp. 756, 765 (S.D.N.Y. 1979). Plaintiff has failed to satisfy her burden. Accordingly, the magistrate judge's order denying plaintiff's motion to compel discovery and deposition testimony, granting defendant's motion to quash plaintiff's subpoena, granting the non-party movant's motion to quash plaintiff's subpoena, and protective order against deposition inquiries (ECF No. 63) is affirmed and adopted in its entirety and plaintiff's objections are overruled.

IV. Conclusion

For the reasons discussed above, the order of the magistrate judge (ECF No. 63) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, plaintiff's motion to compel discovery and deposition

testimony (ECF No. 35) is DENIED, the defendant's motion to quash plaintiff's subpoena (ECF No. 39) is GRANTED, the non-party movant's motion to quash plaintiff's subpoena (ECF No. 41) is GRANTED, and the plaintiff's objections (ECF No. 64-1) are OVERRULED.  It is further ORDERED that the order of the magistrate judge serve as a protective order against deposition questions of defendant Dr. Rosario regarding pleadings in the Western District of Pennsylvania civil action.  Further, the defendant's motion for leave to file defendant's response under seal (ECF No. 68) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 24, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE